UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BURRELL,                         :
                                         :
    Petitioner                           :
                                         :
  v.                                     : CIVIL NO. 3:CV-06-0904
                                         :
CAMERON LINDSAY,                         : (Judge Kosik)
                                         :
    Respondent                           :

**M E M O R A N D U M**

Stephen Burrell, an inmate currently confined at the United States Penitentiary at Canaan, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 1, 2006. Attached to his petition is a supporting Memorandum of Law and exhibits. In the petition, Burrell challenges his 2000 conviction and sentence by the United States District Court of Nevada.[1] On May 2, 2006, Burrell was granted leave to proceed in forma pauperis in this matter, and service of the petition was directed on Respondent. On May 19, 2006, a response to the allegations raised in the petition was filed. (Doc. 8.) For the reasons that follow, the petition will be dismissed.

---

[1] Specifically, Burrell claims that his conviction and sentence are in violation of the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

**I.     Background**

Burrell was found guilty of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922 on January 5, 2000, by the United States District Court of Nevada. On September 6, 2000, he was sentenced to 120 months of incarceration to be followed by 36 months of supervised release. Burrell appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit. On December 5, 2001, the conviction and sentence were affirmed. See United States v. Burrell, 23 Fed.Appx. 777 (9th Cir. 2001). The United States Supreme Court denied certiorari on April 15, 2002. See Burrell v. United States, 535 U.S. 1008 (2002).

A motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was then filed by Burrell on April 15, 2002. The Nevada District Court denied the motion on January 27, 2004. On May 5, 2004, Burrell's request for a certificate of appealability was denied by the Nevada District Court. On June 24, 2004, the Ninth Circuit Court of Appeals also denied the issuance of a certificate of appealability  The instant habeas corpus petition pursuant to § 2241 was later filed in this court on May 1, 2006, wherein Burrell contends his sentence is in violation of the United States Supreme Court decisions issued in the Apprendi, Blakely and Booker cases.

**II.    Discussion**

Burrell contends that his 1985 conviction and sentence are invalid based upon violations of the Fifth and Sixth Amendments to the United States Constitution and the Due Process Clause. In his petition, he claims that the Nevada District Court imposed judgment in excess of permissible law on the basis of relevant conduct for an offense that he was

2

acquitted of by the jury. He further contends that the judgment exceeds the legally permissible penalty under the United States Sentencing Guidelines. In support of his claims he cites to the following three cases throughout his submitted Memorandum of Law: Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (Caldwell, J.). Here, Burrell is clearly challenging his federal conviction/sentence. Hence, the proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted and sentenced.

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler,

253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."); Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

The "inadequate/ineffective" exception to the rule prohibiting challenges to a federal conviction and sentence under § 2241 rarely exists and does not apply if a defendant has failed to obtain § 2255 relief or cannot satisfy the limitations imposed on bringing § 2255 motions or filing successive § 2255 motions. These limitations includes a filing deadline of one year for pursuing a § 2255 motion from the date of the conviction or within three other narrowly tailored situations, whichever is latest. Further, a prisoner cannot appeal the denial of a § 2255 motion unless a certificate of appealability issues and such can issue only if the applicant has made a substantial showing of the violation of the denial of a constitutional right. See United States v. Cepero, 224 F.3d 256, 262-68 (3d Cir. 2000). Further, a second or successive § 2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. See 28 U.S.C. § 2255.

The Third Circuit in In re Dorsainvil specifically addressed the "inadequate and ineffective" exception of § 2255, known as the "safety-valve" clause of § 2255, and held that it must be construed strictly. 119 F.3d at 250. A prisoner can pursue habeas relief under the savings clause of § 2255 typically only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice.

4

Id.; see also United States v. Brooks, (3d Cir. 2000), opinion sur panel rehearing, 245 F.3d 291 (3d Cir. 2001).

In light of the foregoing principles, Burrell cannot raise his claims via the instant § 2241 petition. He was clearly able to raise similar claims on direct appeal or in his previously filed § 2255 motion but failed to do so. He was aware of the basis underlying these claims but never pursued them. See United States v. Sanders, 247 F.3d 139, 144-46 (4th Cir. 2001)(failure to raise Apprendi-like claim on direct review from criminal conviction constituted procedural default for which defendant could not establish "cause" to justify raising it in habeas petition); see also Bousley v. United States, 523 U.S. 614, 622-23 (1998) (failure to raise claim on direct review could not be excused as futile simply because the claim was "unacceptable to that particular court at that particular time" ).

In addition, the cases relied upon by Burrell in support of his arguments of intervening change in the law - - Apprendi, Booker and Blakely - - do not declare that any conduct, previously thought criminal, is no longer criminal and, as such, do not fall within the limited exception recognized in Dorsainvil so as to permit the instant § 2241 petition challenging the federal conviction.[2] Further, none of these cases have been made retroactive to cases on

---

[2] Apprendi addresses the burden of proof and the identity of the factfinder with respect to certain sentencing issues. In Blakely, the Supreme Court held that the Washington state sentencing scheme offended the Sixth Amendment because it deprived the defendant of the constitutional right to a jury trial determination. Extending its holding in Blakely to the Federal Sentencing Guidelines, the Supreme Court explicitly reaffirmed the rule announced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Thus, the Supreme Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.

collateral review by the Supreme Court.  See United States v. Swinton, 333 F.3d 481, 485 (3d Cir. 2003) (holding Apprendi not retroactive); In re Olopade, 403 F.3d 159 (3d Cir. 2005) (Booker not retroactively applicable to cases on collateral review).  The Supreme Court has not directed that any of these cases apply retroactively.  In fact, in Booker, the Supreme Court instructs that its holding should be applied "to all cases on direct review," Booker, 125 S. Ct. at 769, but makes no reference to cases on collateral review.

Accordingly, Burrell is unable to meet his burden in demonstrating that § 2255 is inadequate or ineffective to test the legality of his detention and that he does fall within the narrow safety valve clause to make § 2241 available avenue to challenge his conviction.

## III.   Conclusion

For all of the foregoing reasons, the habeas corpus petition will be denied.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BURRELL,                :
                                :
        Petitioner              :
                                :
    v.                          :    CIVIL NO. 3:CV-06-0904
                                :
CAMERON LINDSAY,                :    (Judge Kosik)
                                :
        Respondent              :

**O R D E R**

  **NOW, THIS 24th DAY OF MAY, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **dismissed**.

2. The Clerk of Court is directed to **close this case**.

             s/Edwin M. Kosik
             United States District Judge