UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BURRELL, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0904 |
| | : |
| CAMERON LINDSAY, | : (Judge Kosik) |
| | : |
| Respondent | : |

**Memorandum and Order**

**Background**

Petitioner Stephen Burrell, an inmate currently confined at the United States Penitentiary at Canaan, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the petition, he challenges his 2000 conviction and sentence by the United States District Court of Nevada claiming violations of the United States Supreme Court's holdings in the cases of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).  Following the filing of a response to the petition, a Memorandum and Order was issued on May 24, 2006, dismissing the petition on the basis that Petitioner was unable to meet his burden in demonstrating that § 2255 is inadequate or ineffective to test the legality of his detention or that he falls within the narrow safety valve clause which would make a § 2241 petition an available avenue

of relief to challenge his conviction. Presently pending is Petitioner's motion seeking reconsideration of the court's May 24, 2006 decision (Doc. 10), as well as a motion to expedite an decision with regard to his motion (Doc. 15). For the reasons that follow, the motion for reconsideration will be denied, and the motion to expedite denied as moot.[1]

**Discussion**

In dismissing Burrell's petition for writ of habeas corpus the court concluded that he was unable to meet his burden on demonstrating that his § 2255 remedy was inadequate or ineffective to test the legality of his detention or demonstrate that he falls within the safety valve clause allowing him to proceed via a § 2241 petition. The court's Memorandum and Order of May 24, 2006, fully details how Burrell fails to show an intervening change in law or that evidence previously unavailable to him has become available. Burrell now moves for reconsideration. While he argues that he "is not challenging his conviction or sentence," a review of his motion reveals that this is exactly what he is doing as evidenced by his own words. He is challenging his continued confinement which he alleges is "devoid of constitutional support." (Doc. 10 at 2-3.)

---

[1] Also pending is Petitioner's Request that the court take judicial notice of a court opinion that he submits in support of his position (Doc. 19). The court will construe this filing as a supplement to the motion for reconsideration.

2

The standard for granting a motion for reconsideration is a stringent one. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Further, this court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge, 796 F.Supp. at 830. Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of

3

apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

     Burrell points to no intervening change in controlling law or evidence previously not available. In fact, he repeatedly references grounds throughout his motion for reconsideration which were clearly available to him on direct appeal or in his previous § 2255 motion. He does not demonstrate that reconsideration is necessary to correct any clear error of law or prevent a manifest injustice from occurring. While in his motion for reconsideration he states that he is not attempting to rely on the Apprendi, Booker and Blakely cases, his petition clearly asserts his belief that these cases support his position - - an argument that this court has previously considered and rejected. Accordingly, the motion for reconsideration will be denied. The motion to expedite a decision on the motion for reconsideration is now moot.

**ACCORDINGLY, THIS 17th DAY OF JANUARY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Motion for Reconsideration (Doc. 10) is denied.

2. Petitioner's Motion to Expedite (Doc. 15) is denied as moot.


                                                s/Edwin M. Kosik
                                             United States District Judge